Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200323-187505
DATE: October 29, 2021

ORDER

Entitlement to benefits under 38 U.S.C. § 1815 for a child born with covered birth defects is denied.

REMANDED

Entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida is remanded.

FINDING OF FACT

The record establishes that: the appellant, born May [REDACTED], 2003, is the biological child of a veteran who served in the Republic of Vietnam in February 1968; and that the appellant's biological mother is not a Vietnam veteran.

CONCLUSION OF LAW

The criteria for establishing benefits under the provisions of 38 U.S.C. § 1815 for a child of a woman Vietnam veteran born with covered birth defects have not been met. 38 U.S.C. §§ 1811, 1812, 1815; 38 C.F.R. § 3.815.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in Vietnam in February 1968. The appellant is the Veteran's son.

The Board notes that the claim was originally filed by the mother of the appellant, H.E., as the appellant was a minor at the time. He has now reached the age of 18, and the legal impediment to his standing has been removed. As there is not an appointed fiduciary of record, the appellant is reflected as the moving party of record.

In an August 2019 decision, the agency of original jurisdiction (AOJ) denied the claim of entitlement to benefits for a child born with spina bifida. In an associated August 2019 notification letter, the AOJ notified the appellant of that decision and that the AOJ administratively denied the claim for birth defects.

In September 2019, VA received a VA Form 20-0995 Supplemental Claim, requesting review of the August 2019 decision, where the appellant compensation for diagnoses of scoliosis, spina bifida, GERD, deafness in right ear, 20 percent hearing loss in left ear, ventricular septal defect, a functionally bicuspid aortic valve, and kidney disease with a history of left nephrectomy due to a non-functioning multicystic dysplastic kidney. 

In a December 2019 decision, the AOJ denied the supplemental claim of entitlement to benefits for a child born with spina bifida. Once more, in an associated December 2019 notification letter, the AOJ notified the appellant of that decision and that the AOJ administratively denied the claim for birth defects.

In December 2019, the appellant submitted a VA Form 20-996 Decision Review Request: Higher-Level Review (HLR), requesting review of the original August 2019 decision. 

In March 2020, the AOJ issued the HLR decision on appeal, which considered all evidence of record. The AOJ denied the claim of entitlement to benefits for a child born with spina bifida and entitlement to benefits for a child born with birth defects.

In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the appellant elected the Evidence Submission docket and requested review of the March 2020 HLR decision. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the claimant or her representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303. 

The Board is required by law to review appeals in docket order unless "other sufficient causes" have been shown to advance a case on the docket. 38 U.S.C. § 7107. Here, given the special processing of spina bifida related appeals, the Board has considered the benefit to the appellant, the impact on other claimants that would result from advancing his case, and the impact on other claimants that would result if the case is not advanced, and has decided that advancement on the docket for the sole purpose of rendering this decision is fair and appropriate at this time. Specifically, expediting these appeals will "produce fair, efficient, timely, [and] effective review of appeals," and promote "fairness in adjudications among and between veterans" given the special docketing considerations related to spina bifida related appeals. See Ramsey v. Nicholson, 20 Vet. App. 16, 34 (2006); see also 38 U.S.C. § 7107(a)(2)(C), 38 C.F.R. § 20.900(c)(1). 

1. Entitlement to benefits under 38 U.S.C. § 1815 and 38 C.F.R. § 3.815 for a child born with covered birth defects is denied.

The appellant has asserted that he is entitled to benefits for his disabilities of mental delay, small for age, kidney condition, a heart condition, a hearing [loss] condition, spina bifida and scoliosis. See VA Form 21-0304 Application for Benefits for Certain Children with Disabilities Born of Vietnam and Certain Korea Service Veterans (December 2018).

VA will provide certain benefits, including monthly monetary allowance, for an individual who suffers from a form or manifestation of spina bifida and whose biological father or mother is a Vietnam veteran. See 38 U.S.C. §§ 1802, 1805; 38 C.F.R. § 3.814; see also, e.g., 72 Fed. Reg. 32,395 (June 12, 2007) and 79 Fed. Reg. 20,308 (April 14, 2014) (both providing that benefits for birth defects other than spina bifida may not be presumed based on Vietnam-era herbicide agent exposure of parents).

Additionally, VA will provide certain benefits for an individual with a disability from certain birth defects whose mother is a Vietnam veteran. See 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815.

For the purposes of a monetary allowance, the term "Vietnam veteran" means a person who performed active military service in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, without regard to the characterization of the person's service. Service in the Republic of Vietnam includes service in the waters offshore and service in other locations, if the conditions of service involved duty or visitation in the Republic of Vietnam. 38 C.F.R. § 3.814(c)(1).

In this case, military personnel records show the Veteran served in Vietnam in February 1968. Therefore, he is a Vietnam veteran. However, the evidence does not show, and the appellant has not asserted, that his biological mother is a Vietnam veteran. On the contrary, in the original application for benefits, the box is checked "no" for his mother having any Vietnam service. See VA Form 21-0304 Application for Benefits for Certain Children with Disabilities Born of Vietnam and Certain Korea Service Veterans (December 2018).

Spina bifida is the only birth defect which warrants an award of monetary benefits based on the herbicide agent exposure of a Vietnam veteran who is the father of the child at issue. Jones v. Principi, 16 Vet. App. 219, 225 (2002). 

To qualify for a monthly allowance on the basis of covered birth defects, the appellant must show that the Vietnam veteran who was exposed to herbicide agents is his or her mother. 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815.

Based on the foregoing, the appellant does not meet the requisite criteria for eligibility for benefits under 38 U.S.C. § 1815 for a child born with covered birth defects. The appellant has not asserted that his mother is a veteran who served in Vietnam. As he is not the child of a biological mother who is a Vietnam veteran, the appellant does not qualify for a monthly allowance on the basis of covered birth defects, other than spina bifida. 38 U.S.C. §§ 1811, 1812, 1815; 38 C.F.R. § 3.815. Without a showing that the appellant's mother is a Vietnam veteran, there is no legal basis on which to grant benefits in this instance.

The Board is sympathetic to the appellant's medical conditions and grateful for the Veteran's honorable service to his country. However, it must apply the law as promulgated and is bound by VA regulations. See Owings v. Brown, 8 Vet. App. 17, 23 (1995) (providing that the Board must apply the law as it exists and is not permitted to award benefits based on sympathy for a particular appellant). As the law is dispositive of the issue on appeal, the claim must be denied because of the absence of legal merit or entitlement under the law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

REASONS FOR REMAND

2. Entitlement to benefits under 38 U.S.C. § 1805 and 38 C.F.R. § 3.814 for a child born with spina bifida is remanded.

Under the AMA, the Board must remand a claim to correct an error by the AOJ to satisfy its duty to assist the appellant under 38 U.S.C. § 5103A if the error occurred prior to the AOJ decision on appeal. 38 U.S.C. § 5103A(f)(2)(A); 38 C.F.R. § 20.802(a). The Board may also remand a claim to correct any other AOJ error "in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating" the claim. 38 C.F.R. § 20.802(a). 

The Board finds that the issue of entitlement to benefits under 38 U.S.C. § 1805 and 38 C.F.R. § 3.814 for a child born with spina bifida must be remanded to correct a duty to assist error that occurred prior to the March 2020 decision on appeal. The AOJ did not obtain a VA examination regarding whether the appellant's spina bifida is a form of spina bifida, other than spina bifida occulta. The Board finds that providing a VA examination to the appellant would have a reasonable possibility of aiding in substantiating the claim. 

In this case, the appellant asserts that he is entitled to a monetary allowance under the provisions of 38 U.S.C. § 1805 for spina bifida. See HLR-Informal Conference (February 2020). VA regulations provide VA shall pay a monthly allowance, based upon the level of disability, to or for a person who VA has determined is an individual suffering from spina bifida whose biological mother or father is or was a Vietnam veteran. 38 U.S.C. § 1805(a); 38 C.F.R. § 3.814(a). For purposes of benefits under 38 U.S.C. § 1805, "the term 'spina bifida' means any form and manifestation of spina bifida except spina bifida occulta." 38 U.S.C. § 1802; 38 C.F.R. § 3.814(c)(4) (emphasis added). In December 2018, VA received a VA 21-0304 Application for Spina Bifida Benefits. The appellant claimed having a disability of spina bifida. Medical records were associated with the claim's file in February 2019, which included a December 2005 x-ray that showed congenital scoliosis with a possible incidental finding of spina bifida occulta.

Subsequently, VA received a private medical opinion, dated September 2019, authored by Dr. T.F. of North Florida Pediatrics, that reflects the appellant has a diagnosis of spina bifida. The Board observes, however, that the opinion does not specify whether the appellant's spina bifida is that other than spina bifida occulta. The Board notes that the September 2019 private medical report that the appellant has spina bifida was of record at the time of the December 2019 supplemental rating decision on appeal, and was again considered in the March 2020 HLR rating decision on appeal.

As the appellant was not afforded a VA examination and the positive medical opinion of record is inadequate, VA's duty to obtain a VA medical examination to address the question of whether the appellant's spina bifida is that other than spina bifida occulta was triggered prior to the rating decision on appeal. See generally, McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Therefore, remand is necessary to correct the duty to assist error on the part of the originating agency in satisfying its duties under 38 U.S.C. § 5103A, which occurred prior to the rating decision on appeal. See 38 C.F.R. § 20.802.

The matter is REMANDED for the following action:

Schedule the appellant for an examination by an appropriate clinician to determine whether the appellant has at least as likely as not (50 percent or greater possibility) a form or manifestation of spina bifida, other than spina bifida occulta. Consider, at a minimum: (1) the February 2019 medical records, which included a December 2005 x-ray that showed congenital scoliosis with a possible incidental finding of spina bifida occulta; and (2) the private medical opinion, dated September 2019, authored by Dr. T.F. of North Florida Pediatrics, who stated the appellant has a diagnosis of spina bifida. 

 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Pendleton, N.

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.